UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                    Plaintiff,

<u>DECISION AND ORDER</u>

04-CR-6068L

            v.

GUARLD CLINE,

                                    Defendant.
_____

Defendant, Guarld Cline ("Cline"), was indicted in 2004 and charged with various federal income tax violations. On motion of his attorney, United States Magistrate Judge Marian W. Payson ordered a mental competency determination pursuant to 18 U.S.C. § 4241. Cline was not committed to a federal institution but was examined by a forensic psychiatrist on an outpatient basis. After many months of review and several reports, Magistrate Judge Payson conducted a hearing. At that hearing, both Cline and the Government accepted the report of one of the examining psychiatrists, Dr. Gary J. Horwitz, that Cline lacked competency to understand the nature of the charges, and assist his counsel.

The dispute between the parties was whether, based upon that finding of incompetency, the Court was required to commit Cline to the custody of the Attorney General for examination and

treatment to see if there is a substantial probability that Cline would attain competency. 18 U.S.C. 4241(d)(1) and (2).

Magistrate Judge Payson issued a thorough Report and Recommendation (Dkt. #82) ("Report") discussing this issue and recommending that this Court find Cline to be incompetent and direct his commitment to the custody of the Attorney General.

Cline object to the Magistrate Judge's Report, but only to the extent that it recommended mandatory commitment. The Government concurred with the Magistrate Judge's recommendation and had no objection to the several recommendations in the Report concerning voluntary surrender by Cline and other directives concerning supplying the Attorney General and the Bureau of Prisons with Cline's medical information.

This Court heard argument on the Report and Cline's objections on September 10, 2008. After reviewing the Report and Recommendation and material submitted and considering the legal authority referenced by Magistrate Judge Payson, I agree with her Report and adopt its essential points. There being no objection, I agree with Magistrate Judge Payson's determination that, at the present time, Cline is incompetent to the extent he is unable to understand the nature, consequences of the proceedings or to assist properly in his defense. I make this finding by a preponderance of the evidence.

The statute, 18 U.S.C. § 4242(d)(1), is clear that once that finding is made, the Court *shall* commit the defendant to the custody of the Attorney General (emphasis added). There is no authority for an alternative course or outpatient treatment. Magistrate Judge Payson concluded, and

I agree, that all the authority on this issue, which she set forth in the Report, mandates commitment to the Attorney General.

It is up to the Attorney General to determine what treatment should follow. The statute directs that the Attorney General must proceed to determine whether "there is a substantial probability that in the foreseeable future [the defendant] will attain capacity to permit the proceedings to go forward." Section 4241(d). The examination period is for four months, but it can be extended. Depending on the findings made at that point, there are several courses of action that could be pursued, but that is not before the Court at this time.

Although defendant must be committed, I see nothing in the statute that precludes the defendant from voluntarily surrendering to the designated medical facility. Cline has attended all court appearances and no party suggests that he is a risk of flight.

CONCLUSION

I accept the Report and Recommendation (Dkt. #82) issued by United States Magistrate Judge Marian W. Payson. I deny defendant's objections to that report.

I find, by a preponderance of the evidence, that defendant Guarld Cline is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(d).

In light of this finding, I commit the defendant, Guarld Cline, to the custody of the Attorney General for a period of time as is necessary to determine whether there is a substantial probability

that in the foreseeable future Guarld Cline will attain the capacity to permit proceedings on the pending indictment to proceed.

The Attorney General is directed to ascertain the appropriate facility to which Guarld Cline is to be designated for the purposes enumerated above.

To assist the Bureau of Prisons in making the appropriate designation, I request Cline's treating physicians to provide a written synopsis of Cline's current medical conditions and treatment. If Cline and his physicians intend to submit such material it must be submitted to an official at the Bureau of Prisons (to be designated by Government counsel) within twenty (20) days of entry of this order. Failure to submit such information will be deemed a waiver and the Bureau of Prisons will proceed with its own determinations concerning designation.

Once the Bureau of Prisons has made its determination as to the designated facility to which defendant Guarld Cline is to be committed, that date should be provided to counsel for the Government, counsel for Cline and this Court, and defendant Guarld Cline must self-surrender at the place, date and time indicated or, advise the United States Marshal's Service, in advance, that he wishes to self-surrender to the United States Marshal in this district for transportation.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       September 30, 2008