UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                          Plaintiff,

                                                                 <u>DECISION AND ORDER</u>

                                                                 04-CR-6068L

                           v.

GUARLD D. CLINE,

                                          Defendant.
_____

      By Decision and Order ("Order") entered September 30, 2008 (Dkt. #86), I ruled that defendant, Guarld Cline ("Cline"), is presently incompetent and ordered him committed to the custody of the Attorney General to determine whether there is a substantial probability that he will attain competency. 18 U.S.C. § 4241(d)(1) and (2). Familiarity with that Order and the proceedings that preceded it are assumed.

      On September 18, 2008, prior to entry of my Order, a motion to "vacate" the commitment of defendant (Dkt. #85) was filed. That motion was filed eight (8) days after the Court heard argument on Magistrate Judge Marian W. Payson's Report and Recommendation. I did not issue a decision on the day of argument, but reserved decision.

      Based on the cover letter to the motion from defendant's lawyer, it is not entirely clear whether this motion to vacate, which was apparently prepared by defendant's wife, was submitted by counsel or submitted by defendant, *pro se.*

If the motion is *pro se,* this Court has no obligation to deal with such a motion since an attorney has been appointed and the Court deals with matters filed by counsel only.

I will, though, in this instance give defendant the benefit of the doubt and assume the motion was filed by his attorney, even though it was not prepared by him. I have carefully reviewed the motion, and I do not believe anything contained there requires the Court to modify or vacate the Order, which was filed on September 30, 2008.

Subsequent to the filing of defendant's motion to vacate, I have also received copies of letters from various medical providers commenting on Cline's sleep apnea and his dermatitis. This case has been pending for an extraordinary amount of time, and I see nothing in defendant's motion to vacate or in the subsequent letters from health care providers to delay commitment to the Attorney General, as required, based on the Court's Order that defendant is now incompetent to stand trial on the pending criminal charges.

CONCLUSION

Defendant's motion to vacate (Dkt. #85) is in all respects denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 2, 2008.